IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALI WILLINGHAM, AND ANTWANN SIMPSON AND TYLIAH PHILLPS, ON BEHALF OF THEMSELVES, AND A CLASS OF SIMILARLY SITUATED PERSONS, | CIVIL CLASS ACTION |
| v. | JURY TRIAL DEMANDED COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY |
| KKR REAL ESTATE TRUST, INC; MACK REAL ESTATE GROUP, INC; MACK PROPERTY MANAGEMENT, LP; POST BROTHERS APARTMENTS and POST COMMERCIAL REAL ESTATE LLC. | JUNE TERM, 2023 |
| | NO. 2:23-cv-02640-KSM |

**AMENDED CLASS ACTION COMPLAINT**

**Parties**

1. Plaintiff, Ali Willingham, is an individual citizen and resident of the Commonwealth of Pennsylvania, formerly residing at Presidential City Apartments ("Presidential"), Apt W1108, Phila., Pa. 19131.

2. Plaintiff, Antwann Simpson, is an individual citizen and resident of the Commonwealth of Pennsylvania, formerly residing at Presidential City Apartments, Apt W1108, Phila., Pa. 19131.

3. Plaintiff, Tyliah Phillips is an individual citizen and resident of the Commonwealth of Pennsylvania, currently residing at Presidential, Apt J0803, Phila., Pa. 19131.

3. Defendant, KKR Real Estate Trust, Inc., is alleged and therefore averred to be a corporation organized and existing in the State of Maryland, with its principal place of business at 30 Hudson Yards, Suite 7500, New York, New York 10001, being duly authorized to and conducting

1

~~business in the Commonwealth of Pennsylvania including the City and County of Philadelphia, Pennsylvania.~~

~~4.     Defendant, Mack Real Estate Group, is alleged and therefore averred to be a corporation organized and existing in the State of Delaware, with its principal place of business at 60 Columbus Cir, New York, NY 10019, being duly authorized to and conducting business in the Commonwealth of Pennsylvania including the City and County of Philadelphia, Pennsylvania.~~

~~5.     Defendant, Mack Property Management, L.P., is alleged and therefore averred to be a limited liability partnership, with its principal place of business at 60 Columbus Cir, New York, NY 10019, being duly authorized to and conducting business in the Commonwealth of Pennsylvania including the City and County of Philadelphia, Pennsylvania.~~

~~6.~~4.     Defendant Post Brothers and Post Commercial Real Estate ("collectively "Post Brothers") are alleged and therefore averred to be Pennsylvania Corporations, with their principal place of business at 1021 N Hancock Steet~~St~~, Philadelphia, PA, 19123, being duly authorized to and conducting business in the Commonwealth of Pennsylvania including the City and County of Philadelphia, Pennsylvania.

~~7.     On or about November 1, 2020, Defendant KKR Real Estate Trust, Inc., and Defendant Mack Real Estate Group purchased from Defendant Post Brothers the Presidential City Apartments.~~

~~8.~~5.     Defendant Post Brothers acquired Presidential ~~City Apartments~~ in 2012. Presidential ~~City~~ is comprised of four apartment buildings, as well as a 41,000-square-foot amenity center and an office building, 3901 City Ave., Philadelphia, PA, 19131.

~~9.~~6.     Presidential ~~City~~ has approximately 1,000 rental apartment units and was constructed prior to 1978.

2

10. Defendant Mack Property Management, L.P., a wholly-owned subsidiary of Defendant Mack Real Estate Group, became the property management entity for Presidential City Apartments after the acquisition by Mack Property Management, L.P. and KKR Real Estate Trust.

11.7. On or about August 18, 2020, Plaintiffs, Willingham and Simpson executed a lease at the Presidential Apartments, 3901 Presidential Ave., Philadelphia, PA 19131. A copy of this lease is attached hereto as Exhibit "1."

12. At the time of the original lease execution, Post Brothers owned and managed Presidential City Apartments.

13.8. On or about September 13June 19, 2021, Plaintiff, Tyliah Phillips executed Plaintiffs renewed their lease for a lease at the Presidential, 3901 Presidential Ave., Philadelphia, PA 19131.12 month term. A copy of this lease is attached hereto as Exhibit "2."

14. Plaintiffs, Willingham and SimpsonAt the time of the first renewal, KKR Real Estate Trust, Inc. and Mack Real Estate Group owned and managed Presidential City Apartments.

15. At the time of the first renewal, Mack Property Management, L.P., managed Presidential City Apartments.

16. On or about July 24, 2022, Plaintiffs renewed their lease for a 12 month term. A copy of this lease is attached hereto as Exhibit "3."

17. At the time of the second renewal through the present, KKR Real Estate Trust, Inc. owned Presidential City Apartments.

18. At the time of the second renewal through the present, Mack Property Management, L.P., managed Presidential City Apartments.

19.9. Plaintiffs have continuously resided in their apartment owned and managed by Post Brothers at the Presidential City Apartments from August 18, 2020 to November 2, 2022the present.

3

10. Plaintiff, Tyliah Phillips continuously resided in her apartment owned and managed by Post Brothers at Presidential from September 13, 2021 to November 2, 2022.

11. From April 1, 2021 to November 1, 2022, while Plaintiffs Willingham and Simpson were residents, Post Brothers owned and managed the Presidential.

12. From September 13, 2021 November 1, 2022, while Plaintiff Phillips was a resident, Post Brothers owned and managed the Presidential.

20. ~~Plaintiffs were not provided with a lead certification either at the time they executed the original lease, nor were they provided with a lead certification when they renewed their lease in June 2021, and July 2022.~~

~~21.~~13. On October 1, 2020, the City of Philadelphia amended its Lead Disclosure and Certification Ordinance (the "Ordinance"), ~~a/k/a~~ as the Lead Paint Disclosure, to require all residential property owners who own property in the City of Philadelphia, known as targeted properties, to be tested for lead.

~~22.~~14. Presidential ~~City Apartments~~ is considered Target Housing under the ~~Lead Disclosure and Certification~~ Ordinance.

15. The Ordinance provides that such property owners in the 19131 zip code, including Defendant Post, were required to provide a lead certification to all existing tenants no later than April 1, 2021.

16. The Ordinance further provides that property owners were required to provide a lead certification to all new tenants at the time of entering into a lease agreement with such new tenants.

~~23.~~17. Specifically, Section 6-803 of the Lead Paint Disclosure Ordinance provides that, "No rental license under Chapter 9-3900 shall be issued or renewed to a lessor with respect to any Targeted Housing, and no lessor shall enter into a lease agreement with a lessee to rent any Targeted Housing, or a unit in such Targeted Housing, unless (1) he or she provides the lessee with

4

a valid certification prepared by a certified lead inspector stating that the property is either lead free or lead safe; (.2) the lessee acknowledges receipt of the certification by signing a copy; [and] (.3) the lessor has provided to the Department of Public Health a copy of such certification."

18. Plaintiffs Willingham and Simpson were not provided with a lead certification by Post Brothers on April 1, 2021 as required by the Ordinance.

19. Plaintiff Phillips was not provided with a lead certification at the time she executed the lease agreement on September 13, 2021 as required by the Ordinance.

24. Thus, the Lead Paint Disclosure Ordinance requires that, prior to a property being leased, a valid certification be provided to the tenant prepared by a certified lead inspector which indicates that the property is either lead free or lead safe ("a valid lead certification").

25. Presidential City is situated in the 19131 zip code meaning that under the Lead Law Defendants Post Brother, KKR Real Estate Trust, Inc., Mack Real Estate Group, and/or Mack Property Management, L.P, were legally obligated to certify to the City of Philadelphia no later than October 1, 2020 that Presidential City Apartments were lead safe.

26. Based on information and belief, at no time from October 1, 2020 to the present have Defendants provided Plaintiffs or any class members at the time of leasing or any renewal of a lease of an apartment at Presidential City with a valid lead certification prepared by a lead inspector stating that the property was "Lead Free" or "Lead Safe" as required by the Lead Disclosure and Certification Ordinance.

**Class Action Allegations**

27. 20. Plaintiffs bring this action on behalf of themselves and on behalf of a class of similarly situated persons as a class action pursuant to the Pennsylvania Rules of Civil Procedure.

28. 21. Defendants have continuously, systematically, wrongfully and wantonly violated the Philadelphia Lead Law.

29.22. Plaintiffs seek to represent all tenants of the Presidential ~~City apartments~~ from April~~October~~ 1, 2021~~2020~~ to November 1, 2022~~the present who either executed or renewed a lease of a rental unit~~.

30.23. Plaintiffs reserve the right to amend the definition and/or identify subclasses upon completion of class certification.

31.24. The members of the class are so numerous that the joinder of them is impracticable.

32.25. A class action is the only practicable means available to prevent the defendant, Post Brothers,~~defendants, Post Brothers, KKR Real Estate Trust, Inc., Mack Real Estate Group, and Mac Property Management , L.P.,~~ from engaging in the continuous and systematic illegal and unlawful conduct under the Philadelphia Lead Paint Disclosure Ordinance and to remedy the harm created by this illegal and unlawful conduct.

33.26. The questions of law and fact are common to the members of the class which Plaintiffs seek to represent.

34.27. The questions of law and fact common to the members of the class predominate over questions that may affect only individual members.

35.28. The common questions of law and fact which control this litigation predominate over any individual issues include, but are not limited to:

    a) Whether each member of the class resided in~~leased~~ an apartment at~~from~~ Presidential for any time period during April 1, 2021 to November 1, 2022~~City~~;

    b) Whether each class member was provided or received a lead certification during the specified time period;

    c) Whether Defendant was~~Defendants were~~ obligated to provide a lead certification by April 1, 2021~~prior~~ to all existing tenants;

6

   c) Whether Defendant was obligated, at the time of executing a lease with new tenants,class members;

   d) Whether Defendants were obligated to provide a lead certification prior to executing a renew lease;

   e) Whether DefendantDefendants violated Section 6-800 of the Philadelphia Lead Paint Ordinance; and

   f) Whether DefendantDefendants violated Section 6-803(3) of the Philadelphia Lead PaintLeadPaint Ordinance.

36.29. Plaintiffs are members of the class that they seek to represent.

37.30. Plaintiffs' claims are typical of the claims of other members of the class which they seek to represent.

38.31. Plaintiffs are well qualified to act as class representatives.

39.32. Plaintiffs will fairly and adequately protect the interests of the members of the class.

40.33. Plaintiffs have no interest that is adverse or antagonistic to the interests of the members of the class.

41.34. Plaintiffs are committed to prosecuting the class action.

42.35. Plaintiffs have retained competent counsel who are experienced in litigation of this nature.

43.36. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

44.37. Joinder of all class matters is impracticable and the likelihood of individual class members prosecuting separate claims is remote due.

45.38. The expense and burden of individual litigation makes it unlikely that a substantial member of the class members will individually seek redress for the wrongs done to them.

~~46.~~39.  It is desirable for all concerned to concentrate the litigation in this particular forum for adjudication.

~~47.~~40.  Plaintiffs anticipate no difficulty in the management of this action as a class action.

~~48.~~41.  The prosecution of separate actions by individual class members would create the risk of bearing inconsistent determinations with incompatible standards of conduct and which could prejudice non-parties to any adjudication or substantially impede their ability to protect their own interests because of the overriding common questions of law and fact involved in the matter.

~~49.~~42.  Prosecution of these claims as a class action will result in an orderly and expeditious administration of the claims and will foster economies of time, effort and expense.

**COUNT I**

**VIOLATION OF THE PHILADELPHIA CODE**
**CHAPTER 6-400 AND CHAPTER 6-800, ET SEQ.**

~~50.~~43.  Plaintiffs hereby incorporate by reference the foregoing Paragraphs 1 through 42~~49~~ of this Complaint as though same were fully set forth herein.

~~51.~~44.  Section 6-403(4)(a) states "The Dept. of Public Health upon application by any owner or person in control of the premises…shall test or cause to be tested said premises to determine the presence of lead-based coding.  The Department shall make such additional determinations as to enable the Department to issue a Certificate that the premises is or is not in compliance with the Section of the Philadelphia Code".

~~52.~~45.  The Code further states in Subsection (b) "-Any tenant may enforce the provisions of Section 6-403(5)(a) in the Philadelphia Court of Common Pleas, the Philadelphia Municipal Court or any other court having jurisdiction.  A prevailing tenant shall be entitled to actual damages and to not less than treble the monthly rent for each violation, plus attorney's fees and cost."

~~53.~~46.  The Code Section 6-800 compels all residential landlords who own property built prior to 1978 (even if renovated thereafter) to obtain a Certification that the property is lead safe.

~~54.~~47.  Chapter 6-803 states "No residential license under Chapter 9-3900 shall be issued or renewed to a lessor with respect to any targeted housing and no lessor shall enter into a lease agreement with lessee (other than a renewal lease), lessee to rent any targeted housing or a unit in such targeted housing unless (1) he or she provides the lessee with a valid certification prepared by a certified lead inspector stating that the property is either lead free or lead safe; and (2) the lessee acknowledges receipt of the certification by signing a copy; and (3) the lessor has provided to the Dept. of Public Health a copy of such certification."

~~55.~~48.  The ordinance specifically requires all landlords who have residential properties which are not exempt to be tested for lead paint by a certain time period~~prior to entering into a residential lease~~ in Philadelphia County.

~~56.~~49.  The legislature further requires the test findings to be uploaded to the City of Philadelphia, Public Health Department's website.

~~57.~~50.  The legislature further requires the owner of residential property to provide a lead safe or lead-free certificate to the residential tenant.

~~58.~~51.  Without the registration of the lead free or lead safe certificate with the Philadelphia Health Dept., the Dept. of Licenses & Inspections should not allow the residential owner of real property in Philadelphia County to obtain a residential rental license or renew its residential rental license.

~~59.~~52.  The Philadelphia Code, Section 6-803(b) further states a valid certification that a property is lead safe under this section shall state that the certified lead inspector determined that the property or unit was free of any deteriorated paint and that the interior dust samples were collected in compliance with the EPA regulations, including 40 CFR, Section 745.227….and were found not to contain lead contamination dust as defined in this Chapter.

9

60. Defendant, Post Brothers, failed to comply with the~~these~~ provisions requiring~~at the time~~ it ~~initially rented~~ to provide lead safe certifications to its current tenants residing at Presidential on April 1, 2022~~Plaintiffs~~.

~~61.~~53. ~~Defendants KKR Real Estate Trust, Inc., Mack Real Estate Group~~, and to new tenants who signed~~Mack Property Management, L.P., failed to comply with these provisions at the time they executed~~ a lease between April 2, 2021 and November 1, 2022 ~~, or renewal lease with Plaintiffs~~.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of the Class, respectfully request that the Court enter Judgement in their favor and against Defendant~~Defendants~~, as follows:

A. An Order certifying the proposed Class, as requested herein, designating Plaintiffs as Class representatives, and appointing Plaintiffs' undersigned attorneys as Counsel for the Class;

B. Damages~~An order requiring Defendants to provide the required certification and the performance of the necessary work to make the property lead safe~~;

~~C. damages~~ for any harm caused by the failure to provide the certification;

C. Abatement~~D. exemplary damages of up to two thousand dollars ($2,000)~~;

~~E. abatement~~ and refund of rent for any period in which Plaintiffs and class members who occupied a leased apartment at Presidential City without a required certification having been provided from April 1, 2021 to November 1, 2022;

D~~F~~. treble damages of the monthly rent for each violation; and

E~~F~~. attorney's fees and costs.

**ABRAMSON & DENENBERG, P.C.**

By: /s/ David Denenberg

*(Formatted: German (Germany))*

/s/ Alan Denenberg
ALAN DENENBERG, Esquire
DAVID DENENBERG, Esquire
PA Attorney ID: 54161
1315 Walnut Street, Suite 500
Philadelphia, PA 19107
(215) 546-1345


**SHUB & JOHNS LLC**

By:  /s/ Jonathan Shub
JONATHAN SHUB, Esquire (PA ID 53965)
BENJAMIN F. JOHNS, Esquire (PA ID 201373)
SAMANTHA E. HOLBROOK, Esquire (PA ID 311829)
Four Tower Bridge
200 Barr Harbor Drive, Suite 400
Conshohocken, PA  19428
(610) 477-8380

*Attorneys for PlaintiffsPlaintiff*

11

## ~~VERIFICATION~~

~~I, Ali Willingham, state that the facts set forth in the response to discovery are true and correct to the best of my knowledge, information and belief. I understand that the statements are made subject to the penalties of 18 Pa.C.S.A. §4904 relating to unsworn falsification to authorities.~~

~~I, Antwann Simpson, state that the facts set forth in the response to discovery are true and correct to the best of my knowledge, information and belief. I understand that the statements are made subject to the penalties of 18 Pa.C.S.A. §4904 relating to unsworn falsification to authorities.~~

~~By:_____~~
~~Ali Willingham~~

~~By:_____~~
~~Antwann Simpson~~

**Formatted:** Indent: Left: 0", Space After: 8 pt, Line spacing: Multiple 1.08 li